No. 2569.

## EAST LINE & RED RIVER RAILROAD COMPANY v. JOHN E. SCOTT.

1. SECOND CONTINUANCE—DILIGENCE.—A second continuance was properly refused to the defendant, the Railway Company, upon its application, on account of the absence of an employe residing in another county, no effort having been made to take his depositions, his personal attendance being expected, but was not secured on account of a leave of absence having been granted the witness by one of the officers of the defendant.

2. EMPLOYE.—Plaintiff, a watchman, in employ of the Railway Company, under order of the regular engineer, who, from sickness, was unable for duty, took charge of a working train and ran to where some pile driving was being done. The engine used in pile driving was on the rear car of the train. Plaintiff, upon stopping the train at its destination, went back to the car in which was the pile driver, boiler and engine, when its boiler exploded, injuring plaintiff; *held*, that the plaintiff was an employe and entitled to damages for injury received from imperfect implements furnished by the railway company.

3. SAME.—Nor is the relation of master and servant dissolved from th fact that by the ordinary work of plaintiff as watchman he was not on duty at the time or place of the explosion and injury.

4. RULES PRESCRIBING DUTIES OF EMPLOYES.—It was shown that a general rule of the service of the Railway Company forbade an engineer to give another charge of his engine; it was also shown that it was not intended that it be enforced, when, on account of sickness of the engi neer, it became necessary for his duties to be performed by another; *held*, that when the exception was shown to exist it was not in conflict with the rule, that the watchman, under the direction of the engineer, and in his inability, was in charge of the engine; and in such state of facts the watchman so engaged, was an employe, and entitled to protection as such.

5. SAME.—The fact that he was not engaged in labor at the time of the injury, he being with the train in discharge of a duty the engineer had power to impose, would not for the time destroy the relation of master and servant.

6. CONTRIBUTORY NEGLIGENCE.—Whether the act of plaintiff in leaving the locomotive when the train stopped and going to the place where the car with the pile driver was, was under the circumstances, contributory negligence, was a fact for the jury.

7. CHARGE—NEGLIGENCE.—Where there is testimony to several facts from which want of proper care may be inferred, it is not error to refuse an instruction pointing out a single fact in evidence as insufficient to prove negligence.

8. CARE OF MASTER.—If the question be whether the master exercised due care to inform himself as to the competency of a servant, evidence showing what inquiry he made, and what knowledge he had or ob-tained through inquiry, should be considered; and it would seem if where it is contended that a master knowingly employed an incompe-tent servant, that it could be established by evidence tending to show that the master had been in a position to know that the servant was incompetent, or the general reputation of the servant for incompe-tency.

APPEAL from Marion. Tried below before the Hon. W. P. McLean.

This is an appeal from a judgment in favor of Scott for two thousand two hundred and fifty dollars, for personal injuries suffered by him as an employe of defendant from the explosion of a boiler on the railroad of defendant.

No question is made on the pleadings. The charge of the court is as follows:

"7. The burden of proof is on plaintiff to show by a pre-ponderance of testimony his right to recover. He must (before he can recover) show that he was injured substantially as alleged; that such injury resulted from an explosion of a boiler used on a pile driver of defendant's, and that such explosion occurred by reason of defect in said boiler, or in consequence of the incompetency of the engineer in charge of the boiler which exploded, or by both such causes combined.

"8. If the evidence should show that plaintiff was injured by such explosion as alleged, yet if it also appears that plaintiff at the time of such injury was away from the place at which his duties required him to be (if you find that he was in de-fendant's employment, and that he voluntarily placed himself in a position of danger, and in consequence thereof received the injuries complained of, then he could not recover, no matter whether such boiler was defective or the engineer in charge was incompetent or not.

"9. Or if you find that said boiler exploded because of de-fects in material, and plaintiff knew of such defects before the explosion, or might have known the same by the use of ob-servation in the course of his employment, and by placing him-self near the same, was injured by the explosion; or if such boiler exploded in consequence of incompetency of the engi-neer, and plaintiff knew of such incompetency before the explo-sion, then he can not recover. * *

"10. If plaintiff was at the time of the explosion engaged in the management of an engine of defendant on its railroad, then the engineer on the pile driver and plaintiff would be fellow servants, and for an injury resulting to plaintiff from carelessness or negligence of such engineer, plaintiff can not recover.

"11. * * A railroad is required to use care and caution in providing its employes with safe machinery with which to perform the duties required of them in the service. It is also required to use care and caution in selecting skillful and competent engineers and other employes to perform the service required. And for any injury resulting to an employe from a failure to use such care and caution, such railway company is liable unless the injury results from negligence or want of care on the part of such employe or that of a fellow servant.

"13. * * If you find from the evidence that the plaintiff was injured in the manner as alleged, and that at the time of the injury he was in the employ of the defendant as a night watchman, and that his duties as such were performed at a different place from that at which the injury occurred, then before plaintiff can recover he must show that he was properly at the place where the injury occurred and that his presence there was in the performance of a service for defendant.

"14. If plaintiff, being a night watchman of defendant, was at the time of the explosion at the place of explosion, and was sent there in charge of the engine which pulled the car on which was the boiler that afterwards exploded, by direction of one Sprague, the regular engineer in charge of said engine, and you further find that under the custom and usage of defendant's road management plaintiff was expected or required to obey said directions and went in obedience to said Sprague's directions, then if plaintiff was injured by said explosion while at a proper place in carrying out said directions, by the acts of negligence of defendant as charged, defendant would be liable.

"15. If you find from the evidence that plaintiff was rightfully at the place of the explosion under the instructions given in the preceding paragraph, and you further find that he left his engine and went to the boiler that exploded, and you find that he had no reason to believe that said boiler was in danger of explosion, and in so going near it he did what was usual in such case on part of trainmen, and there was no apparent

danger in so doing, and it was such an act as a man of ordinary prudence and caution would commit, then the same would not defeat his right to recover, if he was otherwise entitled to recover under the evidence and the instructions herein given."

The sixth instruction asked by the defendant, and which is referred to in the opinion, is as follows:

"If it appears from the evidence that the plaintiff was in the employ of defendant in the capacity of a night watchman for the engine of a pile driving train, and he was a fellow servant with Stalzredie, the engineer of the pile driving engine, then before plaintiff can recover he must show by the evidence (1) that Stalzredie was an incompetent engineer; (2) that the defendant company knew of his incompetency, or might have known it by reasonable inquiry; (3) that plaintiff did not know of his incompetency, and could not have known it by reasonable diligence. The burden is upon the plaintiff to prove these facts." Not given.

The assignment of errors and additional facts necessary to understand the opinion are set out in it.

*F. M. Prendergast,* for appellant, cited 2 Thompson on Negligence, 1053; Railway v. Scott, 68 Texas, 697; Railway v. Crowder, 63 Texas, 503; Railway v. Fowler, 56 Texas, 452; Beach on Contributory Negligence, sec. 123; Wood's Master and Servant, sec. 382; Wood's Railway Law, sec. 386; Railway v. Ryan, 69 Texas, 665; Lyon v. Railway, 31 Mich., 426; Railroad v. Thomas, 51 Mississippi, 637; Murphy v. Railroad, 2 American and English Railroad Cases, 83.

*C. A. Culberson,* for appellee, cited Railway v. Berry, 67 Texas, 238; Wharton on Negligence, sec. 238; Baulie v. Railroad, 59 New York, 356; Railroad v. Ruby, 38 Indiana, 294; Gahangan v. Railroad, 1 Allen, 187; Davis v. Railroad, 20 Michigan, 122; Railroad v. Decker, 82 Pennsylvania State, 119; Wood's Master and Servant, secs. 401, 439, 440; Beach Contributory Negligence, sec. 141; Ford v. Railroad, 110 Massachusetts, 240; Railroad v. Roney, 89 Indiana, 453; McGatrick v. Wason, 4 Ohio State, 566; Railroad v. Barber, 5 Ohio State, 541; Railroad v. O'Hare, 64 Texas, 600; Railroad v. McDaniel, 107 United States, 454; Harper v. Railroad, 47 Missouri, 567; Shear. & Red. on Negligence, sec. 90.

STAYTON, CHIEF JUSTICE.  This action was brought by appellee to recover damages for an injury that he alleged was caused to him, while in the employment of appellant, by the explosion of the boiler of an engine used to operate a pile driving machine.

The action was brought in Marion county, where tried, and when the cause was called for trial the appellant made an application for a continuance based on the absence of F. M. Sprague, who resided in Hunt county.  The witness had testified by deposition, and the appellant desired his presence in order that he might explain a part of his evidence already given.  No effort had been made again to take his deposition, but being in the employment of appellant, it depended upon having him present on the trial, but in this was disappointed by reason of the fact that one of appellant's officials had given him leave of absence.

The bill of exceptions shows that the application was for a second continuance.  No such diligence as the law requires had been used, and the court below did not err in overruling the motion for a continuance.

It seems that the appellee was in the employment of appellant as a fireman. when he was directed by the proper authority "to go to Carson and stay with engine one hundred and ninety and the pile driver as watchman."  This was on February 5, 1886, and in obedience to the order he went.  There was some pile driving to be done about one mile and a half west of Carson, at a bridge, and on the morning of the next day the train with pile driver, having remained during the night at Carson, went to the place where the work was to be done, with the regular engineer, F. M. Sprague, in charge of the locomotive.

The train with pile driver returned to Carson at noon and went out again in the afternoon in charge of the fireman, but soon returned to the side track at Carson to let a train pass.

After this Sprague, the engineer, was sick, and he directed the appellee, in charge of the locomotive, to take the train to the place where the piles were to be driven, which he did.

Behind the locomotive were the tender, caboose and car on which was the pile driver and engine to operate it.

When the train arrived at the place where the work was to be done, appellee and others of the crew went to the car on which was the pile driver and its engine, and soon after the boiler of

this engine exploded, causing the injury to appellee, of which he complains.

Appellee alleges that the explosion was caused by defects in the boiler, and by the want of proper skill in the person who was operating the engine for the pile driver.

The evidence for appellee shows clearly that the boiler was very defective, and tends to show that the person who had charge had but little, if any, experience as an engineer.

No evidence was introduced to show that the engineer was competent, or that any inquiry had been made as to his competency; but a witness for appellant, who examined the boiler on the day it was sent out, stated that he thought it then in good order, and that from an examination made after the explosion, he thought it was caused by an over pressure of steam.

F. M. Sprague, the locomotive engineer, testified that "John S. Scott, the appellee, ran the engine out on the morning of the explosion by my request, as I was sick and not able to handle the engine. Scott's duty was to watch the engine at night; it was not his duty to take the engine out from Carson that day, but at my request he did it. I requested him to take the engine out as it was the custom for watchmen, and men who were hired as Scott was, to assist the engineer in case of sickness as he was an old fireman and I thought him a competent man to handle the engine. Scott's time was his own from seven o'clock in the morning until six o'clock in the evening. He was requested by me to handle the engine as aforesaid. Scott took the engine at my request; if he had not taken it my opinion is the result as to him would have been the same. When Scott arrived at the bridge he stopped the engine and came over on the pile driver car with the train crew. I don't know what he was doing at the time of the explosion. He was on the third car from the locomotive. I don't know how came him to be there."

It is shown that appellee was not actually doing anything at the time of the explosion; that his bedding was in the caboose where he slept, and there was evidence tending to show that his duties as watchman only would not have taken him from Carson, and that he might have spent the day as he pleased if under no obligation to obey the orders of Sprague.

The evidence tended to show that a rule of the company forbade an engineer to place his locomotive in the control of an-

other, and that this rule was known to Scott at the time of the trial, but his knowledge in this respect, on the day of the explosion, was not shown.

Appellant asked the following instruction: "It appears that the plaintiff had no duty to perform at or near the pile driving engine, and he was there on the car merely to suit his own pleasure. He can not recover. You will therefore find for defendant," which was refused, and this is assigned as error.

The court, in effect, instructed the jury that appellee might recover, if injured as alleged, without negligence on his part, although his duties, as watchman only, did not require him to render the services rendered at request of the engineer, if "under the custom and usage of defendant's road management plaintiff was expected to obey" the orders of the engineer under the circumstances. This charge is also assigned as error. Appellant contends that it was a violation of the rules of the company for the engineer to place his engine in the hands of appellee, and that for this reason the latter can not recover.

If the appellee had been injured while in the act of performing an act or through the performance of an act known to be forbidden by the rules of the company, it is clear that he could not recover. He, however, was not injured in either of those ways.

If it be contended that appellee was wrongfully, or not in course of the service, at the place where the explosion occurred, by reason of the fact that he went there in performance of a duty that under the rules of the company the engineer was forbidden to permit any person other than himself to perform, then, under the evidence, it would be necessary to ascertain what effect should be given to the rule claimed to have existed.

The testimony of Sprague shows that the general rule which forbade an engineer to give another charge of his engine, was not intended to be enforced when on account of the sickness of the engineer it became necessary for his duties to be performed by another.

The rule then had its exception which was applicable at the time appellee went to the place where the explosion occurred, in charge of the locomotive.

Proper rules which are usually and customarily violated are presumed to be not intended for enforcement; not rules at all.

If, under the evidence, the appellee had been injured by an explosion of the boiler of the locomotive caused by such defect

as would fix liability on the master for an injury to a servant, we do not see that appellant would not have been liable.

It is true that the employer is only liable as master to the servant when the latter is actually in his service, and that at times, during the period of an engagement, the employe may sustain to the employer no other relation than that of stranger.

It does not follow from this, however, that the employe is to be deemed in the employer's service only when he is actually engaged in labor.

He is to be deemed in the master's service whenever present to perform his duty under the contract creating the relation of master and servant and subject to orders, although at a given moment he may not be engaged in the actual performance of any labor.

We are of the opinion that the evidence shows a state of facts which require the appellee, as the servant of appellant, to be with the train at the time he was injured.  The fact that he may not have been actually engaged in the performance of labor at the time he was injured, if he was with the train in discharge of a duty the engineer had power to impose upon him by virtue of his employment, and subject to further orders, would not for the time destroy the relation of master and servant, and make him a stranger to appellant.

This being true, there was no error in refusing the charge asked, nor in giving the charge complained of.

Had the appellee, when the train stopped, remained with the locomotive and been there injured by the explosion of the boiler and in operating the pile driver, he would doubtless have been entitled to recover if there was a failure of the master to use such care as is required in reference to machinery placed in the hands of employes to be used in the master's service.

Whether the act of the appellee in leaving the locomotive when the train stopped and going to the place where the car with the pile driver was, was contributory negligence that would defeat a recovery, was a question for the jury.  No question as to this is raised in this court, nor does it appear that such a question was raised in the court below.

The proposition sought to be maintained throughout is: That the relation of master and servant did not exist at the time the injury was inflicted, and that for this reason appel-

lant did not owe to appellee any duty other than such as it owed to every stranger.

The appellant asked a charge to the effect that the incompetency of the engineer in charge of the boiler that exploded could not be proved by one single act of negligence, and this was refused. The court did not err in refusing the charge, for it was not applicable to the facts in proof.

The testimony introduced to show the incompetency of the engineer consisted of evidence tending to show his entire want of experience as an engineer, and that his avocation was that of a bridge carpenter.

There was evidence introduced by appellant tending to show that the explosion occurred on account of the fact that the engineer placed a higher pressure of steam on the boiler than it was capable of sustaining. This tended to show negligence on the part of the engineer, and might have been looked to in connection with the other facts to ascertain the competency of the engineer, but a charge which presented but one fact, and that the least important fact bearing on an issue, and informed the jury that this would not be sufficient proof of incompetency, would have been calculated to mislead.

All the facts tending to show incompetency should be considered together. If the question be whether a master exercised due care to inform himself as to the competency of a servant, evidence showing what inquiry he made and what knowledge he had or obtained on inquiry should be considered; and, it would seem, if it be contended that a master *knowingly employed* an incompetent servant, that ought to be established by evidence tending to show that the master had been in position to know that the servant was incompetent, or the general reputation of the servant should be shown to be such as to induce the belief that his incompetency must have been generally known.

The court correctly instructed the jury as to the burden of proof, and as to facts necessary to be shown in order to fix liability of appellant if the injuries to appellee resulted from the incompetency of the engineer, and did not err in refusing to give the charge asked by appellant and numbered six. The other assignments relate to the refusal of the court below to grant a new trial, and in the main present questions already considered.

We deem it proper, however, to say that if there had been

no testimony tending to show that the engineer was incompetent, the evidence offered by the appellee was such as to show that the boiler was unfit for use.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered November 9, 1888.