The Gulf, Colorado & Santa Fe Railway Company
v. J. W. McMahan.

No. 671.

1. **Pleading — Replication Unnecessary, when.**—Where defendant's answer specially pleaded that plaintiff's injury was caused by his disobedience of a certain rule of the service in force at the time the accident occurred, evidence that such rule was not then in force is admissible without any pleading in reply by plaintiff, and under the general denial interposed for him by the statute.

2. **Master and Servant—Employe's Knowledge of Rules.**—As to the duty of an employe to inform himself of the rules prescribed by the employer, and that he is chargeable with knowledge thereof if by ordinary care and diligence he could have obtained such knowledge, see the opinion.

3. **Charge of Court—Harmless Error.**—Error of the court in charging upon a distinct matter of defense is not cause for reversing a judgment in plaintiff's favor, where the evidence as to such matter would not sustain a verdict for defendant based thereon.

4. **Practice—Remarks of Counsel.**—Where the verdict is not excessive, improper remarks by counsel are not ground for reversal when they are withdrawn by counsel and are corrected by the court before the jury.

Appeal from Tarrant.    Tried below before Hon. N. A. Stedman.

*J. W. Terry*, for appellant.—1. Where a special defense or new matter is pleaded in defendant's answer, the plaintiff is entitled only under the general issue on the answer formed by the statute to introduce evidence contradicting the matters alleged in the answer. To authorize the introduction of evidence not in contradiction of matters alleged in the de-

fendant's answer, but in avoidance thereof, such facts or matters must be pleaded by the plaintiff in a supplemental petition. Ins. Co. v. Davidge, 51 Texas, 244; Ins. Co. v. Stone, 49 Texas, 5; Harrell v. Kempner, 44 Texas, 421; Elston v. Jasper, 45 Texas, 409; Ortiz v. Benavides, 61 Texas, 60; Dist. Ct., rule 5; Alcorn v. Railway, 48 Am. and Eng. Ry. Cases, 128.

2. It is the duty of an employe to use ordinary care and diligence to inform himself of the rules of his employer necessary to his protection. Alcorn v. Railway, 48 Am. and Eng. Ry. Cases, 138; Lockwood v. Railway, 6 Am. and Eng. Ry. Cases, 151; Schaub v. Railway, 16 S. W. Rep., 924; Sedgwick v. Railway, 41 N. W. Rep., 35; Darracutts v. Railway, 31 Am. and Eng. Ry. Cases, 157; Railway v. Graham, 10 So. Rep., 283; Bennett v. Railway, 49 N. W. Rep., 409; Smith v. Potter, 9 N. W. Rep., 273; Carnes v. Railway, 76 Mich., 400; Railway v. Smithson, 45 Mich., 212.

3. Where the verdict is large and against the weight of the evidence, or the court is not satisfied that the justice of the case has been attained by the verdict, and an improper argument has been made by counsel for appellee, the judgment should be reversed. Railway v. Cooper, 70 Texas, 67; Railway v. Witte, 68 Texas, 295; Railway v. Jarrell, 60 Texas, 267; Willis v. McNeill, 57 Texas, 474–476; Railway v. Jones, 73 Texas, 232; Dillingham v. Scales, 78 Texas, 205.

*Ben M. Terrell* and *Ball, Tempel & Ball,* for appellee.—1. Defendant in his plea having alleged that the rule in question "was in force" at the time ·of plaintiff's injury, the same being a necessary allegation, plaintiff had a right, under the general issue implied by the statutes, to prove that it was not enforced at said time or any other time. Rev. Stats., art. 1197; Elevator Co. v. Mitchell, 78 Texas, 68; Altgelt v. Emilenberg, 64 Texas, 150; ·Tisdale v. Mitchell, 12 Texas, 68; Railway v. Nichols, 50 Fed. Rep., 718.

2. The court, in its charge upon the subject of the violation of the rule in question, correctly gave the law on the subject, and to have given the special charge requested would have been error. Railway v. Lamothe, 76 Texas, 223; Railway v. Ryan, 69 Texas, 669; Covey v. Railway, 27 Mo. App., 170; Railway v. Plunkett, 25 Kans., 188.

3. The verdict of the jury was not excessive, nor were the remarks of ·counsel complained of calculated in any way to prejudice appellant. Railway v. White, 80 Texas, 207; Hickey v. Behrens, 75 Texas, 488; McLane v. Paschal, 74 Texas, 20; Beville v. Jones, 74 Texas, 154; Galveston v. Posnainsky, 62 Texas, 118; Brown v. Sullivan, 71 Texas, 471; Railway v. Mussette, 24 S. W. Rep., 521; Railway v. Cooper, 2 Texas Civ. App., 42.

HEAD, ASSOCIATE JUSTICE.—This suit was instituted by appellee to recover of appellant damages sustained by reason of a personal injury received by the former while in the employ of the latter as a switchman at Fort Worth, in attempting to uncouple some cars.

Appellant pleaded in defense a rule of the company prohibiting switchmen from attempting to uncouple cars while in motion, and that a violation of this rule was the proximate cause of the injury. To this plea appellee made no reply.

The injury was received while appellee was attempting to uncouple the cars while moving slowly, by reason of a defect in the drawhead of one of them. The evidence is sufficient to sustain the verdict establishing negligence on the part of appellant in reference to the defect in the car above set forth, and also in failing to find contributory negligence on the part of appellee.

There was a verdict and judgment in favor of appellee for $8000, from which this appeal is prosecuted.

*Opinion.*—Upon the trial in the court below, appellant objected to the introduction by appellee of evidence tending to show that the rule pleaded by it, prohibiting switchmen from attempting to uncouple cars while in motion, was not in force at the time of this injury, because he had filed no special pleading alleging this in reply to the answer interposing this defense. The statute, of course, interposed a general denial to defendant's answer, and we are of opinion that this was all that was necessary to admit the evidence.

Appellant's answer distinctly alleged not only the establishment of the rule by it, but also that it was in force at the time of this injury; and to constitute a defense to plaintiff's cause of action, it was necessary for it to prove both of these allegations. Northern Pacific Railway v. Nichols, 50 Fed. Rep., 718. The simple promulgation of a rule at one time by one set of officers of the company, which was not regarded by their successors as being in force at the time of the injury complained of, would certainly not constitute a defense; and it was therefore necessary for appellant to allege not only that it had at one time established the rule as pleaded by it, but also that it was a subsisting rule in force at the time in question; and to rebut this, it seems to us that a general denial is all the pleading that was required of appellee. Altgelt v. Emilienburg, 64 Texas, 150; Willis v. Hudson, 63 Texas, 678.

It is true that the mere disobedience of a rule by the employes of the company, in the absence of evidence that this was brought to the attention of some superior officer who had power to waive or abrogate the rule, would not excuse an employe for such disobedience; but such notice can be established by circumstances as well as direct evidence, and we think complete and habitual disobedience for a series of years, such as was shown in this case, ample evidence from which such notice might be inferred. Besides, the yardmaster and those who had charge of the employment and discharge of these switchman testified in this case, and their evidence was

as positive to the long continued disregard of this rule as that of the switch-- men themselves.

We think there was no error in the action of the court in refusing to permit appellant to show that its employes disregarded other rules established for their protection. We do not think such evidence could have been material in this case.

The court below instructed the jury, that "In order for disobedience of a rule to defeat a recovery by an employe otherwise entitled to recover, it is necessary that the rule be *known* to the employe at the time of the alleged infraction of it by him." And again, "If you believe from the evidence that at the time plaintiff claims to have been injured, defendant had a rule for the guidance and government of its employes, forbidding them to uncouple or attempt to uncouple its cars while in motion, and that at the time of his injury plaintiff *knew* of said rule, and that on the occasion of his injury plaintiff violated said rule by uncoupling or attempting to uncouple cars in motion, and that his violation of the rule so proximately and directly contributed to the injuries he sustained that but for such violation he would not have been hurt, you will find for defendant;" and refused a charge requested by appellant as follows: "If you believe from the evidence that there was a rule of the defendant company, which was known to the plaintiff, or which by the exercise of ordinary care and diligence the plaintiff would have known, and which prohibited switchmen from going between cars while in motion to uncouple or to attempt to uncouple the same, and you further believe that the plaintiff violated said rule on the occasion of his injury, and that such violation thereof was the cause of or contributed to his injury, that is to say, that but for such violation thereof he would not have been injured, then you are charged to find for the defendant."

We incline to the opinion that this action of the court was not in conformity with previous decisions in this State. In Watson v. Railway, 58 Texas, 438, it is said: "The burden is upon the company to establish the existence of such usage or custom; but when it is established, if the employe seeks to avoid its force and effect, the burden is upon him to show that its existence has been concealed from him by the company." And in Railway v. Watts, 63 Texas, 552, it is said: "By seeking and accepting the service, the appellee assumed all the risk incident to the employment. It was not the duty of appellant to instruct him respecting the rules, regulations, and usages by which the service was governed, unless asked for such information." And in Railway v. Callbreath, 66 Texas, 528, it is said: "As a general rule, it is not the duty of the employer to instruct him (the employe) as to the rules of the service, or warn him of the dangers incident thereto, unless information be asked." Similar language is used in Railway v. White, 76 Texas, 103, and in Receivers v. Moore, 3 Texas Civil Appeals, 422. We do not regard the case of

Railway v. Lamothe, 76 Texas, 223, as conflicting with these decisions, although there are expressions used therein which might be given that construction, inasmuch as in that case the evidence offered seems to have been rejected upon the ground that it was secondary, when the primary had not been accounted for.

We believe, however, that although the court may have erred in refusing the requested instruction, which would have had the effect to charge appellee with notice of the rule, if by the exercise of ordinary care and diligence he could have obtained such knowledge, such error, under the evidence in this case, should not require a reversal of the judgment.

The only evidence introduced which in any manner tended to show that this rule was in force at the time of this injury, was the undated rule itself and the testimony of the witness Bowers, which was as follows: " Rule 134, forbidding the coupling of cars, or attempting to place links, pins, or drawheads while cars are in motion, is enforced at time. It is enforced on the train men, yard men, and every one else. It is violated every day. It would be impossible to do business successfully if that rule was rigidly enforced; by increasing the force it would not. I believe they could have done it with the force that was there at the time of this accident, because business was dull. That rule has been allowed to go without enforcement, as a general thing, among the men. I don't know as I·have ever known of any foreman attempting to enforce that rule since I have been in the railroad employ. You can enforce most any rule, I guess. The enforcement of that rule would cause a little delay to the work; would take a little longer to do it. I never knew of a man to be reprimanded by any of his superior officers, or anybody else, for not obeying that rule or for disobeying it; not as long as any accident didn't come of it, breaking in any cars, or anything of that kind. It is a fact that the rule has been allowed to fall into disuse on all the railroads, and especially on that of defendant. As a general rule among the men in the employ of the defendant, they violate the rule."

This witness was defendant's yardmaster, having charge of appellee. The other witnesses, including a number introduced by appellant, without exception, testified to the absolute and complete disregard of this rule by the employes; some of them, including appellee, never having heard of it. The most of them agree that to conduct appellant's business with its enforcement would be practically impossible. Under these circumstances, we believe a verdict could not have been properly rendered for appellant upon the theory that this rule was in force at the time of this injury, and the refusal of the requested charge could not, therefore, have operated to its prejudice. Railway v. Hinzie, 82 Texas, 623.

We do not believe that all of the remarks of appellee's counsel complained of under the ninth assignment were proper; but inasmuch as the

objectionable ones were withdrawn by the counsel himself, and were cor--
rected by the court before the jury, and inasmuch as we fail to find the
verdict of the jury to be excessive, we think no reversible error is shown.
Railway v. White, 80 Texas, 207.

The evidence was undisputed that the defective car only had a white
card tacked on it near the middle, and that this card did not indicate such
defects as made the car dangerous to handle; that the proper mark to in-
dicate a car in a dangerous condition for use was a red card tacked near
the place for coupling, and that no such card was used in this instance.

Under the circumstances, we think the evidence clearly shows a case of
negligence on the part of appellant, and is sufficient to sustain the verdict
finding appellee free from contributory negligence.

As we find no reversible error in the record, the judgment of the court
below will in all things be affirmed.

*Affirmed.*

Delivered March 14, 1894.