Missouri. Kansas & Texas Railway Company v. Amy Pennewell
ET AL.

Decided May 2, 1908.

1.—Master and Servant—Injury of Servant While in Discharge of Duty—
    Pleading.

In a suit against an employer for damages for the death of an employe, petition considered, and held not subject to demurrer on the ground that it did not appear that the employee was acting in the line of his duty in the service of defendant or within the scope of his employment at the time when, and the place where, the injuries were sustained. It did appear that the deceased was on the ground subject to the commands of his foreman and ready to discharge any duty that might be necessary in the line of his employment, and this was sufficient.

2.—Same—Negligence—Evidence—Switchman.

In a suit for damages for the death of a switchman while engaged in the performance of his duties, evidence considered, and held to justify the court in refusing a peremptory instruction for the defendant, and to require the submission to the jury of the issue of negligence on the part of the defendant in moving a train of cars, about which deceased was engaged, contrary to established signals.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*Coke, Miller & Coke* and *Jno. T. Craddock,* for appellant.—To entitle the servant to recover of the master damages for personal injuries sustained, it must be alleged and proved that the injuries were sustained as the proximate result of the breach of some duty owed by the master to the servant while the latter was engaged in the course of his employment in the proper discharge of some duty incident to his service. The petition is fatally defective, and the court erred in overruling the general demurrer thereto, because it is not therein alleged that at the time when and place where the injuries resulting in the death of Pennewell were sustained, the deceased was acting in the line of his duty in the service of defendant, or within the scope of his employment in the discharge of any duty in connection with or incident to his service as a switchman. East Line & R. R. Co. v. Scott, 71 Texas, 703; Gulf, C. & S. F. Ry. Co. v. Gorman, 6 Texas Civ. App., 230; Olson v. M. & St. P. Ry. Co., 76 Minn., 149 (48 L. R. A., 796); Baker v. L. & E. Ry. Co. (Ky.), 89 S. W., 149; Mitchell Tranter Co. v. Ehmett, 65 S. W., 835 (55 L. R. A., 710); Jarvis v. Hitch (Ind. App.), 65 N. E., 608; Cleveland, C. C. & St. L. Ry. Co. v. Martin (Ind. App.), 41 N. E., 1051; Ellsworth v. Metheney, 104 Fed. Rep., 119 (51 L. R. A., 389); Atlanta & C. R. R. Co. v. Ray (Ga.), 22 Am. & Eng. R. R. Cases, 284; Wabash Ry. Co. v. Erb (Ind. App.), 73 N. E., 939; Stagg v. Edward Western Tea Co., 169 Mo., 489 (s. c. 69 S. W., 391); Wright v. Rawson, 52 Ia., 329 (35 Am. Rep., 275); Wheeler v. Berry, 95 Mich., 250 (54 Am. Rep., 876); Thompson on Negligence, secs. 7524-7525; Shearman & Redfield on Negligence, secs. 5, 8 and 25; Elliott on Railroads, secs. 1267, 1303; Labatt Master and Servant, sec. 623, et seq.

*J. P. Yates* and *H. L. Carpenter,* for appellees.—It is not necessary for the petition to allege or the facts to show that at the time the deceased was killed he was actively in the performance of any duty for the appellant. If it appear from the petition that he was at the place of duty ready to perform a service when called, he was acting in the scope of his employment, and the appellant was required to exercise ordinary care to keep such place reasonably safe. East Line & R. R. Ry. Co. v. Scott, 71 Texas, 703; St. Louis, A. & T. Ry. Co. v. Welch, 72 Texas, 302; Houston, E. & W. T. Ry. Co. v. McHale, 105 S. W., 1149; Texas & Pac. Ry. Co. v. Johnson, 106 S. W., 773.

RAINEY, CHIEF JUSTICE.—This is an action for damages for injuries resulting in the death of H. L. Pennewell, brought by his surviving wife and father and mother. The defendant answered by general demurrer, general denial and contributory negligence. A trial resulted in favor of plaintiffs, and defendant appeals.

Complaint is made of the action of the court in overruling the general demurrer to plaintiffs' second amended original petition. The proposition is, that the defect in the petition consists in not alleging "that at the time when and place where the injuries resulting in the death of Pennewell were sustained, the deceased was acting in the line of his duty in the service of defendant, or within the scope of his employment in the discharge of any duty in connection with or incident to his service as a switchman." The petition, in substance, alleges that deceased was in the employment of defendant as a switchman in defendant's yards at Greenville, and while so engaged with the switching crew was under the direction and control of a foreman. That said crew was switching cars, using an engine operated by an engineer and fireman; that said engine was attached to several cars, which had come to a standstill. Deceased was standing beside the track and near the foreman when said foreman and one of the switching crew signaled the engineer to move forward and at that instant deceased stepped on the track in the rear of the cars to which the engine was attached, but instead of going forward, the engineer instantly moved backward and struck deceased, pinning him between two cars and causing his immediate death. While these allegations do not show that deceased, at the very moment he was killed, was engaged in the performance of any specific act of duty, it does show that he was on the ground subject to the commands of his foreman and ready to discharge any duty that might be necessary as switchman. The act of deceased in stepping in the rear of the cars did not sever the relation of master and servant for the time and the defendant was not relieved of the duty of that care that was due to its employes. The petition was not subject to the general demurrer and the court did not err in overruling it. East Line & R. R. Ry. Co. v. Scott, 71 Texas, 703; St. Louis, A. & T. Ry. Co. v. Welch, 72 Texas, 298; Houston, E. & W. T. Ry. Co. v. McHale, 105 S. W., 1149.

Appellant's second assignment of error is as follows: "The court erred in refusing to give to the jury defendant's special charge No. 1, as follows: 'The evidence fails to show that the deceased had any duty to perform between the car which had been cut off and the fourth

car from the engine, and it fails to show that he was engaged at the time of the accident in the performance of any duty within the scope of his employment. You are, therefore, instructed to find for the defendant, because (1) the evidence wholly failed to show that the deceased, at the time of the accident resulting in his death, was engaged in the performance of any duty incident to or connected with his employment as a switchman; but, on the contrary, the evidence showed that there was no cause or necessity in connection with his duty as switchman for him to be between the cars at the time the accident occurred, and the evidence wholly failed to show that the engineer knew or had any reason to believe that the deceased or any other switchman was between the cars; (2) the evidence wholly failed to show that the engineer moved the engine and cars backward; but, if it be a reasonable inference from the evidence that he did move the engine and cars backward instead of forward and that he was negligent in so doing, then the evidence wholly failed to show that such negligence was the proximate cause of the accident, in this: the evidence wholly failed to show that under the circumstances and surroundings of the situation, even if the engineer did move the engine and cars backward, that he ought, as a reasonably prudent man, to have anticipated or foreseen such an injury as resulted, or any other injury to one of the switchmen.' "

The evidence shows that the deceased was in the employment of defendant as a switchman. At the time of his injuries he was engaged with the switching crew assisting in switching cars in defendant's yards at Greenville, under the direction and control of a foreman. In switching, the cars were moved by an engine operated by an engineer who had the management and control thereof, and its movements were directed by signals from the switching crew, which were given by hand and by speaking when in speaking distance. When the engine was standing there was one signal to go ahead and another to move backward. It was the duty of the engineer not to move until he received a signal, and then move according to signal. There were various switching tracks in the yard, and deceased had been on the main line assisting in lining up for a passenger train. He came back to the switching crew about the time the engine went in on what is called the "material track," where the engine coupled on to five cars, moved them west over No. 10 switch, pulling them over the point of the switch, cut off the rear car and threw the switch to go over to take the other car down on No. 5 track. When they pulled out of the material track, the deceased caught on the ladder of the second car and stepped off when they got to No. 10. At this point Welch, the foreman, detached the rear or fifth car. The engine had come to a stop and a space of six or eight feet intervened between the detached car and the cars to which was attached the engine. The go-ahead signal was given the engineer by one of the switching crew, which was seen by deceased, who stepped on the track in the rear of the cars to which the engine was coupled. The engineer instead of obeying the go-ahead signal at once begun backing the train, and deceased was caught between the cars and killed. When deceased went behind the rear car on the track foreman Welch was standing with his hand on the rear end of said car and deceased passed within a few feet of him.

The evidence does not show for what purpose the deceased went on the track in rear of said car, but does show he had no reason to anticipate danger from the backing of the train, as it was the duty of the engineer to obey the go-ahead signal, and on his doing this the deceased had a right to rely. The engineer knew the switching crew were about the train, and it was negligence on his part in not anticipating such a result. It can not be said, under the evidence, that the deceased at the time of the injury was not acting within the line of his duty as an employe. He was there actively engaged in assisting in switching. He was there in the presence of his foreman ready to obey commands, and the stepping on the track when the backing of the engine was not to be anticipated, but expected, in obedience to signal, to go the other way, should not be considered as an act relieving the defendant of liability for the negligence of its servants. Special charge No. 1 was properly refused.

The appellant submits the following proposition: "There can be no recovery against the master for injuries to his servant unless it be shown that the injuries were sustained by the servant in the line of his duty in the service or employment, as the proximate result of the master's negligence, and the burden of proof is upon the servant to show that the injuries were so sustained." A charge covering the points stated was asked by counsel and refused, on which an assignment of error is predicated. The court sufficiently covered by his general charge the phase of the case here presented. Insofar as the charge relates to deceased not being engaged in the duty for which he was employed, we think it was not called for as the uncontradicted evidence shows that deceased was so engaged.

We do not think there is any merit in the assignment urged against the main charge of the court. We believe, with the special charges given, the jury were fully and fairly instructed.

The evidence fully supports the verdict and judgment, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.