[In Bank. — November 23, 1883.]

PETER GULZONI, RESPONDENT, v. W. C. TYLER ET AL., APPELLANTS.

NEGLIGENCE — LIABILITY OF OWNERS OF PROPERTY NOT IN THEIR POSSESSION.— The owners of a steamboat engaged in carrying passengers, but who have not the possession, control, or management of it themselves, or by their agents, servants, or employees, cannot be held responsible for the negligence or mismanagement of others who have the exclusive possession, control, and management.

ID. — EVIDENCE — ADMISSIONS. — The plaintiff was injured while a passenger on a steamboat, and at the trial of an action for damages resulting therefrom evidence was introduced by the defense that plaintiff said at the time of the injury that he blamed no one but himself, which evidence the court excluded. Held, error; the defendants were entitled to the benefit of such admissions.

ID. — HANDWRITING — RELEASE. — The plaintiff executed a release to the defendants from all claims for damages on account of such injuries on the day following the accident. At the trial the plaintiff was permitted, against defendant's objection, to write his name on a piece of paper for the inspection of the jury, to show, by comparison with the name signed to the release, the nervous condition of the plaintiff at the time of the accident. Held, error.

ID. — INSTRUCTIONS. — An instruction respecting contributory negligence, held, unintelligible.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*E. S. Pillsbury*, for Appellants.

The court erred in striking out the evidence of plaintiff's admissions regarding the cause of the injury. (*Burnett* v.

*Fisher,* 57 Cal. 152; *Ponce* v. *McElvy,* 51 Cal. 222.) The defendants are not responsible for the injury caused while the boat was in the possession and management of others. (*Thorn* v. *Hicks,* 7 Cowen, 696; *Wendover* v. *Hogeboom,* 7 Johns. 307; *Leonard* v. *Huntington,* 15 Johns. 298; Sher. & Red. on Negligence, § 501; *Sargent* v. *Stark,* 12 N. H. 332; *Fisk* v. *F. Manuf. Co.* 14 Pick. 491.)

*George Pearce,* for Respondent.

The bare evidence that the boat was being run and controlled by a corporation without any pretense or offer to prove that the *ownership* had changed is not sufficient to release defendants from liability. (*Oakland C. M. Co.* v. *Jennings,* 46 Cal. 175.)

SHARPSTEIN, J. —The court erred in sustaining objections to the introduction of evidence by the defendants to prove that, at the time when the plaintiff received the injuries complained of, the defendants were not managing, controlling, or running the steamer on which the plaintiff was injured, but that the same was run, managed, and controlled by the "California Steam Navigation Company." Such evidence was relevant to a material issue in the case. The plaintiff alleged that said steamer was employed by the defendants in carrying passengers, etc., and that said "defendants so negligently and unskillfully conducted themselves in the *management* of the said boat, and through the negligence and unskillfulness of *themselves* and *their* servants, the plaintiff was injured." This and all other allegations of the complaint were denied by the defendants in their answer, and any evidence having a tendency to prove that they did not employ said steamer in carrying passengers, nor at the time when the plaintiff received his injuries, have the management or control of it, but that the same was employed at that time in carrying passengers, and was managed and controlled by another person or corporation was clearly admissible.

The ground upon which respondent's counsel claims that these rulings were correct, is that the boat was registered as belonging to the defendants, and although not conclusive, it was *prima facie* evidence that they were and continued to be her owners, until it was shown that they had ceased to be, and that

the defendants made no attempt to prove a change of ownership; and that nothing short of this could relieve them of liability for damages caused by the negligence of those who run, managed, and controlled the boat.

The rule as stated in Shearman and Redfield on Negligence (§ 501) is that if the owner of property lets or lends it, and transfers the entire possession and control of it to another, the owner is not responsible for the wrongful use or mismanagement of it by the transferee. Whoever had the exclusive possession, management, and control of the boat, its officers and men, was alone responsible for its mismanagement. And whether rightfully or wrongfully in such possession, the liability would rest on them alone. Under the rule *respondeat superior* this must be so.

If the defendants were owners of the boat, but had not the possession, control, or management of it themselves, or by their agents, servants, or employees, they cannot be held responsible for the negligence or mismanagement of whoever had the exclusive possession, control, and management of it.

The evidence of what the plaintiff said when asked whether he blamed anybody on the boat should not have been stricken out. Evidence of what he said in regard to the occurrence was admissible for the defense. If he expressed an opinion as to who was to blame, the defendants were entitled to have the benefit of it.

It was error to permit the plaintiff to write his name in the presence of the jury for the avowed purpose of having the jury compare, and then permitting them to compare his signature, written in their presence, with his signature to a release signed by him about the time of his receiving his injuries, in order "to show the nervous condition of the witness at the time of the accident."

We know of no rule which would sanction a comparison of handwritings for such a purpose. Besides, if there was a material difference between the handwriting of the plaintiff at the different dates, there was at least a liability that some of the jurors might have been led to doubt the genuineness of the signature to the release, which was not denied.

In one of the instructions the court substantially charged the

jury that the plaintiff had a right to be near the gangway, and it was not contributory negligence for him to be there, " unless such location would have been considered by a man of ordinary prudence dangerous under the circumstances, and unless the employees of the boat had given plaintiff sufficient warning to enable him to avoid it."

And if he had " sufficient warning to enable him to avoid " the danger, was it prudent for him to remain there? Would a prudent man have remained after having been warned of the danger, even if it was not otherwise apparent to him? The instruction is to the effect that if a man of ordinary prudence would have considered it dangerous to be there, it was not contributory negligence for the plaintiff to be there, unless warned of the danger by the employees of the boat; and even then it was not contributory negligence for him to remain there unless a man of ordinary prudence would have considered it dangerous to do so. Under such an instruction an ordinary jury could hardly be expected to see very clearly what would constitute contributory negligence.

Judgment and order reversed and cause remanded for a new trial.

Ross, J., MYRICK, J., and McKINSTRY, J., concurred.

THORNTON, J., concurring. — I concur in the foregoing opinion except as to the second point ruled in it. I do not think that the evidence of what the plaintiff said many hours after the happening of the event, by which he was injured, was admissible in evidence. The remark of plaintiff was not an admission of a fact. It was an inference or opinion drawn from a number of facts, and so far as we are informed by the statement or bill of exceptions, from which we get all our information on the subject, it was not based on plaintiff's knowledge of all the facts touching the manner in which he was hurt, but upon the statements of others, which might not have been true. It does not appear that plaintiff knew or could have known all the facts of the occurrence alluded to. It was most improbable that he did know them. In my opinion the remark of the plaintiff that he was to blame, not being an admission of a fact, should not have been allowed to go to the jury.