HOLMAN v. BOSTON LAND AND SECURITY COMPANY ET AL.

1. APPELLATE PRACTICE.
The verdict of the jury upon conflicting evidence and under proper instructions will not be disturbed.

2. NEGLIGENCE—PRACTICE.
Although the question of negligence is usually one for the jury, there must be some evidence upon which they might reasonably and properly conclude there was negligence, otherwise, it is the duty of the court to decide as a matter of law that there was none, and withdraw the question from the jury.

3. EVIDENCE—ADMISSIONS.
Admissions of a plaintiff to an action founded upon defendant's negligence, made after the accident occurred, that it was without fault on part of defendant, are admissible against him.

4. NEGLIGENCE—DEGREE OF CARE REQUIRED.
The law requires at the hands of one engaged in a hazardous business —that of operating a steam threshing machine—only the exercise of reasonable efforts to furnish good and well constructed machinery adapted to the work, combining the greatest safety with practical use. He is not an insurer against accident, nor is he bound to provide such safe machinery that by the exercise of ordinary care absolute security will be afforded.

*Appeal from the District Court of Arapahoe County.*

ACTION for damages occasioned by fire. Judgment for plaintiffs. Defendant appeals.

Appellees were the owners of certain stacks of grain and employed appellant to thresh the same. Appellant used a steam thresher for the purpose and it is alleged in the complaint,—" That while so threshing said grain, and by the carelessness and negligence of the defendant, his agents and servants, in operating said steam engine and thresher, and on account and by reason of the defective, faulty and dangerous construction of said engine and thresher, and on account of the same being out of repair, thereby rendering said engine unfit and unsafe for threshing grain, and by reason of defendant's using said machine and engine in the condition aforesaid, and without carelessness or negligence on the

part of the plaintiffs, a large quantity of said grain, to wit, 1513 bushels thereof, and a large quantity of straw belonging to plaintiffs, was set on fire by said steam engine and steam threshing machine, and wholly consumed and destroyed, to the great damage of the plaintiffs."

The defendant answering specifically denied each allegation of the complaint, except that as to the setting out of the fire.

Mr. D. C. WEBBER, for appellant.

Messrs. FELKER & DAYTON, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The principal contention at the trial was with reference to the alleged negligence and contributory negligence of the parties. The evidence relied upon to show negligence on the part of defendant was directed principally to the fact that there was no spark arrester upon the engine. It was in evidence from experts and those familiar with machinery of this kind that it was customary to place a wire screen in the smoke stack, or upon the top thereof, in the form of a bonnet, for the purpose of preventing the emission of sparks from the fire box of the engine. It was further in evidence that this was an usual and customary device and that it was sufficient in ordinary cases to insure against the escape of sparks from the engine.

This was met on the part of the defendant by evidence tending to show that an engine of this character could not be well operated if a spark arrester such as described by plaintiffs' witnesses was used; that such a device tended to retard the draft, and was for this reason unsuitable for use in threshing; that many engines were set up without it, and instances were given where it had been found necessary to open the spark arrester when attached, in order that the proper draft might be obtained. Defendant also introduced

proof that the engine used by him was supplied with a cone attached to the inside of the smoke stack, and that this was an ordinary device for the prevention of the escape of sparks. This evidence was in turn met by plaintiffs' witnesses, who testified that the cone did not take the place of a spark arrester, but that the object of a cone is to break up the cinders and of a screen to arrest the sparks. It was further in evidence that an engine with a cone but without a spark arrester would throw sparks and cinders as large as could go through the flues, and that the distance between the outer edge of the flange of the cone to the inside of the stack varied from two to three and one quarter inches, and that this space was open for the escape of sparks, while the ordinary size of the mesh of a spark arrester varies from one quarter to three eighths of an inch where coal is used; that the spark arrester had been in use for a quarter of a century, and was an approved method of preventing fires from being set out.

It is unnecessary to consider the evidence upon this phase of the case in detail. It was sufficient to go to the jury upon the question of negligence, and if submitted under proper instructions the verdict cannot be disturbed.

The evidence relied upon to show contributory negligence on the part of the appellee consisted of proof of the location of the stacks of grain with reference to each other, the defendant claiming that the stacks should have been left a sufficient distance apart to allow of the introduction of a separator between them, and thereby permit the setting the engine on either side of the stacks so that it might be so placed as to permit advantage to be taken of the direction of the wind. In addition to this the defendant attempted to show that after the fire had started it could have been put out if sufficient water had been at hand for the purpose. We think the evidence is entirely insufficient to establish contributory negligence. This was the view taken by the trial court, and the jury were instructed accordingly. As to the location of the stacks of grain, the evidence shows that the

stacking was done at harvest time, several months before the fire. So far as it appears the grain was stacked in the ordinary and usual manner. At the time the contract was made with the defendant to do the threshing, he went upon the ground and examined the condition of the stacks, and at that time made no complaint as to the location of the stacks, or for any other cause. He contracted with a knowledge of the location of the stacks gained from a personal examination, and we cannot well see how the plaintiffs could under the circumstances be held guilty of contributory negligence as claimed.

It appears from the evidence that it was the duty of the plaintiffs to supply water for the engine. This water he had to haul some distance and used barrels for this purpose. At the time of the fire the plaintiff, after leaving a number of barrels of water near the engine for use, had gone to the creek some distance away for the purpose of refilling other barrels when the fire broke out. The defendant and his employees endeavored to quench the fire by the use of the water remaining in the barrels at the stacks, but this supply soon became exhausted and the attempts to put out the fire were found futile and abandoned.

The defendant upon the witness stand in his own behalf testified as follows : " Water on these occasions is to supply the engine, and in case of fire, to extinguish it, you have to have water to sprinkle the ground about the engine." It is upon this evidence alone that the defendant seeks to charge the plaintiff with contributory negligence, but the evidence is entirely insufficient for this purpose. It is not shown that the plaintiff knew that the water might be required for this purpose, and nothing is shown with reference to the amount required to be on hand. In addition to this it is clear from other evidence in the case that the defendant did not say, or intend to say, that a supply of water was to be kept near the engine for the purpose of putting out fires occasioned by sparks escaping from the smoke stack, but that it was to be used, as the expression indicates, for the purpose of sprink-

ling the ground around the engine, thereby preventing the fire from being communicated directly from the fire box.

Although negligence is usually a question for the jury, there must be some evidence upon which they might reasonably and properly conclude there was negligence, otherwise it is the duty of the court to decide as a matter of law that there was no negligence. We think the question of contributory negligence was properly withdrawn from the jury. 2 Thompson on Negligence, pp. 1236-7-8.

Appellant contends that his defense was greatly prejudiced by the rejecting of evidence of admissions of the plaintiff Snyder. The defendant while upon the witness stand was interrogated as follows:

" Q. Did you have any conversation with Mr. Snyder just after the fire occurred with reference to the burning? "

" A. Yes, sir."

" Q. State what he said on the occasion, and just how he said it."

Objected to as incompetent and immaterial. Objection sustained. Exception.

" Q. Did Mr. Snyder investigate the causes of the burning immediately thereafter? "

Objected to as incompetent and immaterial. Objection sustained. Exception.

" Q. Did Mr. Snyder say anything just after the burning as to who was to blame for it? "

Objected to as incompetent and immaterial. Objection sustained. Exception.

Mr. Howze : " This man is on the ground—the injured party, with everything fresh before his mind, and with a full history of the transaction, and then he makes up his mind and declares with reference to the blame in this case."

The Court : " I don't think he is bound by any declaration he may have made at that time or any subsequent time in relation to it, except as a matter of fact as to how the fire occurred."

Mr. Howze : " I desire to show in this connection, and I

put it down so it may go into the record, that Mr. Snyder declared at that time that there was nobody to blame for the fire ; that is what we propose to show."

. Objected to as incompetent and immaterial. Objection sustained. Exception.

The evidence offered was proper and should have been admitted. The witness was a party plaintiff to the action, and his admissions were competent evidence against him. As the defendant was not permitted to testify in reference thereto we must assume that he would, but for the erroneous ruling of the court, have testified that this plaintiff at the time admitted that the fire occurred without fault on the part of defendant. Testimony of such an admission was proper as substantive evidence and should have been allowed to go to the jury. Plaintiff's right of recovery under the evidence is not entirely clear, a previous trial having resulted in a hung jury, and we are unable to say that the verdict upon the last trial might not have been different had the rejected evidence been admitted. Much or little weight might have been given it in the discretion of the jury, or its effect might have been entirely overcome by other evidence ; nevertheless it was competent, and should have been submitted to the jury. *Lord v. Pueblo Smelting & Refining Co.*, 12 Colo. 390 ; *Eastman v. Bennett*, 6 Wis. 228 ; *Dreher v. The Town of Fitchburg*, 22 Wis. 675 ; *Gulzoni v. Tyler*, 64 Cal. 334.

The following statement of the law is embodied in the charge of the court. It was objected to at the time, and is covered by the assignments of error in this court :

" You are further instructed that in this case it is undisputed that defendant was engaged in the business of threshing grain with a steam thresher, and the law charges him with the knowledge of the best known and safest appliances in general use in that business for arresting sparks and preventing the scattering of fire from his engine, thereby endangering the property of others. Plaintiffs had a right to assume that defendant was possessed of a knowledge of the best known appliances in general use for the prevention of the

escape of fire from his engine; and that when defendant came to perform the services which he undertook with his steam threshing machine, that the defendant would come with safe and proper machinery, both as to its construction and condition of repairs, so that, with reasonable and ordinary care on the part of the defendant, he could prevent and avoid plaintiffs' stacks of grain from catching on fire."

This instruction is erroneous, as under it a higher degree of care is required of the defendant than the law exacts. Conceding that he was engaged in a hazardous business, that of threshing highly combustible material by the aid of steam generated on the ground, the law required at his hands only the exercise of reasonable means and efforts to furnish good and well constructed machinery, of good material adapted to the work in hand, combining the greatest safety with practical use. He was not an insurer of plaintiffs' property, and was not, as stated in the instruction, bound to come with safe machinery so that by the exercise of ordinary care absolute security would be afforded. Wharton, Law of Negligence, sec. 635.

On account of the errors pointed out the judgment must be reversed and the cause remanded.

*Reversed.*