## MELISSA BROWN v. HELEN STUTSON.

*Deed—Delivery in escrow—Evidence.*

1. Complainant filed a bill to compel the delivery to her of a deed executed to her by her father shortly before his death, and delivered to the defendant, to be delivered to complainant at the death of her mother, which had since occurred. And it is held that if the deed was in fact delivered to the defendant by the grantor before his death, to be thereafter delivered to complainant, this would constitute a good delivery; citing *Thatcher v. St. Andrew's Church,* 37 Mich. 264, and cases cited.

2. The statements of the father, made in the absence of the defendant, that the deed was delivered to the defendant by him upon the condition stated, being admissions made by a party with whom the defendant was in privity, and relating to a fact provable by parol, were competent evidence.

Appeal from Shiawassee. (Newton, J.) Submitted on briefs April 11, 1894. Decided June 2, 1894.

Bill to compel the delivery of a deed. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*Walter McBride* (*Matthew Bush*, of counsel), for complainant.

*John T. McCurdy* (*Fedewa & Walbridge*, of counsel), for defendant. .

MONTGOMERY, J. The complainant and defendant are sisters, and heirs at law of William Tanner, deceased. The bill is filed by complainant to compel the defendant to deliver up to complainant a deed of a house and lot in the village of Vernon, executed by William Tanner, the father of the parties.

The bill alleges that, shortly before the death of Mr. Tanner, he executed the deed in question, and, for the purpose of making an equitable division of his property, gave to defendant $1,500, and delivered to her the deed of the premises in question, which were of about the same value, to be delivered to complainant at the death of her mother, which has since occurred. The defendant does not deny that such a deed was in fact drawn up and signed, nor that it is now in her possession; but she alleges that the deed was not delivered to her by Mr. Tanner in his lifetime, but that he retained it in his own possession, informing her where he had put it, and requested that she take possession of it after his death, and that she, after his death, took it into her possession. She further

alleges that the direction under which she received the deed was that she was to judge whether complainant cared for her mother properly during her lifetime, and that at the death of the mother the deed was to be delivered only in case complainant had given her proper support.

Upon the question of the terms upon which the deed was received by the defendant, and the conditions upon the performance of which she · was to deliver it to complainant, she is disputed by the fact that Mr. Tanner made other provision for his wife, as well as by his statements made in his lifetime. The question is mainly one of fact. If the deed was in fact delivered by the father before his death, to be thereafter delivered to complainant, this would constitute a good delivery. *Thatcher v. St. Andrew's Church*, 37 Mich. 264, 269, and cases cited.

Defendant contends that there was no competent evidence of delivery. But there is abundant evidence of the grantor's statements that the deed was delivered to the defendant by him, to be delivered to the complainant. These admissions, being by a party with whom the defendant is in privity, and relating to a fact which is provable by parol, are competent. *Keator v. Dimmick*, 46 Barb. 158; *Varick v. Briggs*, 6 Paige, 323, 22 Wend. 543; *Padgett v. Lawrence*, 10 Paige, 170; *Baker v. Haskell*, 47 N. H. 479; 1 Greenl. Ev. § 189. See, also, *Proprietors of Church v. Bullard*, 2 Metc. 363.

While defendant's testimony tends to rebut complainant's *prima facie* case, the circuit judge, who saw the witnesses, was not impressed with her version of the transaction, and we are convinced that he reached the correct conclusion.

The decree will be affirmed, with costs.

The other Justices concurred.