JOHN W. PEAD vs. LARKIN T. TRULL, administrator.

Middlesex.   April 1, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Contract — Mutually dependent Covenants — Effect of Death and Non-appointment of Administrator within Time limited for Performance — Tender — Action.*

In the case of mutual covenants for the exchange of land, the presumption is that performance on the two sides is to be concurrent.

If, before the time limited in a contract for the performance of covenants mutually dependent, one of the parties dies and no administrator of his estate is appointed before such time has elapsed, the other party is not in default for not having demanded or offered performance within the time, and the contract is not discharged at the end of that time.

If one party to a contract dies before the time limited therein for the performance of covenants mutually dependent, and on the last day, no administrator of his estate having been appointed, the other party, to save his rights, tenders performance on his side to the other's widow and to a person who had been the other's attorney in other matters and who afterwards is appointed administrator, the deed tendered running to the deceased party, the tender, although defective as such, is evidence

that he was ready and willing to perform and that the administrator knew that he was, but it does not put the administrator in default; and the latter is not liable to an action on the contract, it not appearing that he has repudiated it, or that the offer of performance has been renewed since his appointment.

CONTRACT, against the administrator of the estate of Christopher Whitman, for an alleged breach of a written agreement. Trial in the Superior Court, without a jury, before *Bishop*, J., who found for the defendant; and, at the request of the parties, reported the case for the determination of this court. If the plaintiff was entitled to recover, the finding was to be set aside and judgment entered for the plaintiff in the sum of $500, or the case sent back for the assessment of damages; otherwise, judgment was to be entered upon the finding. The facts appear in the opinion.

*G. W. Poore*, for the plaintiff.

*F. N. Wier*, for the defendant.

HOLMES, J. This is an action of contract upon an indenture by which, in consideration of the plaintiff Pead's covenant, Whitman covenanted to convey certain land to Pead within forty-five days, and Pead, in consideration of Whitman's covenant, covenanted to convey certain land to Whitman within forty-five days, and further covenanted to pay him fifteen hundred dollars upon receiving a deed of Whitman's land; and to give Whitman a note for three thousand dollars secured by second mortgage on the Whitman land and to assume and pay a first mortgage with interest from the date of the conveyance to him. Then followed mutual covenants to pay five hundred dollars as indemnity and liquidated damages in case of failure to perform the agreement. Before the forty-five days elapsed Whitman died, and on the last day, no administrator having been appointed, the plaintiff, to save his rights, tendered performance on his side to the widow of Whitman and to the defendant Trull, who had been Whitman's attorney in other matters and who afterwards was appointed administrator, but, apart from other technical difficulties, the deed tendered by the plaintiff ran to Whitman, the dead man.

It appears to us that the covenants ought to be construed as mutually dependent. There is some little suggestion of independence to be drawn from them, but nothing on the whole

strong enough to overcome the presumption that in an exchange performance on the two sides is to be concurrent.  *Goodisson* v. *Nunn,* 4 T. R. 461.   In actions upon such covenants the plaintiff must show performance on his side, or readiness to perform, and a refusal by the other party.  *Brown* v. *Davis,* 138 Mass. 458.  *Hapgood* v. *Shaw,* 105 Mass. 276, 279.   *Smith* v. *Boston & Maine Railroad,* 6 Allen, 262, 273.   But in a case like the present, under our statutes the administrator was the natural and proper person to perform the contract, as he was the one to receive the money from the plaintiff.  Pub. Sts. c. 142, § 1.   It was impossible to demand performance of him, or to offer it to him within the forty-five days, and therefore the plaintiff was not in default for not having done so, and the contract was not discharged at the end of that time.   Of course the contract was not discharged by the death of a party.

The plaintiff's tender, although defective as such, is evidence that he was ready and willing to perform and that the administrator knew that he was.   But it did not put the administrator in default.   All that appears is that the latter has not caused the land to be conveyed to the plaintiff.   It does not appear that he ever has repudiated the agreement.   On the other hand, it does not appear that the plaintiff ever has renewed his offer since the administrator was appointed.   Assuming as we do that the plaintiff had a right to demand performance within a reasonable time after the appointment of an administrator, it does not appear that the judge has not found that he suffered more than a reasonable time to elapse, and so lost his rights. We are compelled by the terms of the report to direct a judgment on the finding.   If in fact the finding was based solely on the ground that the plaintiff had lost his rights at the end of forty-five days, that ground is insufficient, and the rescript of this court will not prevent an application to the judge who heard the case to reopen the cause, or to enter what judgment he deems proper under this decision.  *Platt* v. *Justices of the Superior Court,* 124 Mass. 353, 355.   *Kenerson* v. *Colgan,* 164 Mass. 166.

*Judgment on the finding.*