EMMA B. SMITH ET AL. v. INTERNATIONAL & GREAT NORTHERN
RAILROAD COMPANY.

Decided January 6, 1904.

**1.—Railroads—Trespassers on Track—Ordinary Care.**
A charge that it is the duty of those operating railroad trains to exercise
ordinary care to avoid injury to persons on the track applies alike to trespass-
ers and those lawfully on the track, and a special charge defining trespass-
ers and licensees is not necessary.

**2.—Same—Railroad Track as Highway—Trespassers—Contributory Negli-
gence.**
Where, by public use and acquiescence on the part of a railroad com-
pany, its track has become a thoroughfare for pedestrians, this license ex-
tends only to the use of the track as a highway, and persons who sit or
sleep on such track are trespassers and guilty of the grossest negligence, and
the only duty which those operating the train owe to them is to use every
means in their power to prevent injury after discovering their perilous po-
sition.

**3.—Evidence—Dying Declarations.**
Declarations by a person injured on a railway track, made a short time
before he died, as to the circumstances under which he was injured, were
admissible for defendant as dying declarations against his interest, in a
suit for injuries resulting in his death, though not constituting res gestae.

Appeal from the District Court of Bexar. Tried below before Hon.
J. H. Clark.

*P. H. Swearingen, Edw. Dwyer,* and *W. S. Anderson,* for appellant.

*Hicks & Hicks,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellants sought to recover in the Dis-
trict Court damages accruing by reason of the death of Joseph Oliver
Smith, the husband of Emma B. Smith and the father of the other two
appellants. The trial resulted in a verdict and judgment in favor of
appellee.

It appears from the statement of facts that deceased and Emery A.
Turner left Taylor, Texas, late in the afternoon of July 7, 1902, to go
to Rockdale. They were walking, and went about one and a half mile
when they were stopped by a heavy rain. They went under a shed and
remained until 8 o'clock when they started back to Taylor, and the
road being very muddy they went through a gate and walked on the
railroad track, which was fenced. After going about 500 yards from
the gate they sat down on the track, and according to the evidence of
Turner, had just seated themselves with their faces towards Taylor when
they were struck by a rapidly moving train and both were badly injured.
Smith died from his injuries. Smith, a short while before he died,
stated that he and Turner were asleep when they were struck by the
train, and Turner stated to one witness, a short time after the accident,
that he was cutting a whip handle when he was struck, and to another
that he was asleep at the time. On the trial he testified that Smith
was about to pull off his shoe and he was cutting on a pencil when they

34 Civ.—14

were struck. It was a dark night; it was raining very hard and a strong wind was blowing. The evidence justified the jury in finding that the men were asleep on the track. That part of the track where the accident occurred had been used by people as a pathway. The employes on the train that struck the two men did not discover them on the track, although they kept an outlook.

The first assignment of error is not well taken. The court had charged the jury that it is the duty of those operating railroad trains to exercise ordinary care to avoid injury to persons on the track, and it was unnecessary to repeat it in a special charge. The charge given by the court applied to all, trespassers as well as those lawfully on the tracks, and there was no call for a charge defining trespassers and licensees.

If it be conceded that the railroad track, by public use and acquiescence on the part of the railroad company, had become a thoroughfare for pedestrians, Smith and Turner were trespassers, whether they were sitting down on the track pulling off shoes, cutting on whip handles or pencils, or were asleep, and the railroad company owed them no duty except to use every means to prevent injury to them, after discovering their perilous position. If the public had a license to use the track as a highway, no license can be inferred to use the track for sleeping or sitting purposes. In the case of Missouri K. & T. Ry. Co. v. Cowles, 29 Texas Civ. App., 156, deceased was crossing the railroad at a place where the public was licensed to go, and stopped to kick a coupler on a car, and while so engaged was run over and killed, and this court said: "The license to deceased was to use any part of the yard for the purpose of crossing the railroad tracks, and for that purpose alone, and only while using the yard with that object in view did the duty to him exist that is incumbent upon a railroad company in case of a license." Whether the public had a license to use the track or not, under the facts of this case, is of no importance. The two men were trespassers, and the only duty that the railroad company owed them was to use all means in its power to keep from injuring them after they were discovered. If men can go upon railroad tracks on dark nights in driving rains and sit down or lie down and be considered licensees because people were accustomed to walking on the track, there is no limit to the liability of railroad corporations to trespassers on their tracks.

In the case of St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 131, three boys had gone upon a railroad track at a point where the public used it as a pathway and were killed. It was presumed that they were asleep when they were run over by a train and killed. The only question upon which negligence was hinged was the youth and indiscretion of the Shiflet boy. The Supreme Court held that lack of discretion did not arise under the facts and said: "If he had remained awake, either sitting or standing upon the track, and the accident had occurred to him, he could not have been excused, because he was negligent and was responsible under the facts for his acts." In this case it does not matter

whether Smith and Turner were lying down or sitting down on the track, or were awake or asleep, they were guilty of the grossest character of contributory negligence, and in the absence of any evidence of the discovery of their perilous position, the railroad company is not liable.

None of the objections to the charge is well taken.  The law applicable to the facts was fully and fairly presented.

The admissibility of the declarations of Smith made a few hours after he was hurt and a short time before he died, to the effect that he was asleep when struck by the train, need not be tested by the rules applied to res gestae, but by those applicable to declarations of deceased persons, made against their interest.  It was clearly shown that Smith was conscious and his mind clear when he said that he was asleep on the track when struck by the train.  The declaration was against his interest.  It would be extremely improbable that such declarations would be false.  He must have known whether he was asleep or not when he was injured.  The declarations were admissible.  1 Greenl. Ev., secs. 147-149.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.