HOVEY et al. v. SEE et al. (No. 5638.)

(Court of Civil Appeals of Texas. Austin. Dec. 20, 1916. On Motion for Rehearing, Jan. 17, 1917.)

1. EVIDENCE �kö=118, 272—INJURIES TO SERVANT—ADMISSIBILITY—RES GESTÆ.

In a servant's action for injuries, if offered testimony is either a part of the res gestæ or against the interest of the party making the statement, its exclusion was error.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 297–302, 1105–1107; Dec. Dig. �kö=118, 272.]

2. EVIDENCE �kö=236(6) — INJURIES TO SERVANT—ADMISSIBILITY—ADMISSIONS.

A statement made by an injured engineer to an ambulance doctor on the way to the hospital absolving the railway from all blame is admissible in an action by the widow against the railroad for his wrongful death, as an admission against interest.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 882; Dec. Dig. �kö=236(6).]

3. EVIDENCE �kö=236(6)—INJURIES TO SERVANT—ADMISSIBILITY—ADMISSIONS.

Since under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4694, 4695, the survivor of one killed in an accident could sue only for such negli-

---

⊖⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

gence as would, if death had not ensued, have entitled the injured party to maintain an action, there is such privity between the injured servant and his survivors that an admission made by an injured servant is admissible in his survivors' action for wrongful death.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 882; Dec. Dig. ⟨key⟩236(6).]

**4. TRIAL ⟨key⟩56—ADMISSIBILITY OF EVIDENCE —CUMULATIVE EVIDENCE.**

The mere fact that other persons have testified to the same effect does not warrant exclusion of testimony as cumulative, when the other witnesses were subject to the criticism of interest, and the proposed witness was not.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 131, 132; Dec. Dig. ⟨key⟩56.]

**5. EVIDENCE ⟨key⟩481(2) — ADMISSIBILITY — OPINIONS.**

The statement of deceased to an ambulance surgeon on the way to the hospital from the place of the accident that he himself was to blame, and not the railroad, was not such an expression of opinion as warranted its exclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2250; Dec. Dig. ⟨key⟩481(2).]

**6. TRIAL ⟨key⟩215—INSTRUCTIONS—SPECIAL ISSUES.**

When a case is submitted on special issues, the court is authorized to give such definitions and explanations as in its judgment may be necessary, and it is error to so explain them as to indicate to the jury the effect of their verdict if they found the existence of fact stated in the special issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 481; Dec. Dig. ⟨key⟩215.]

**7. MASTER AND SERVANT ⟨key⟩274(3)—INJURIES TO SERVANT—EVIDENCE—ADMISSIBILITY.**

In an action by the survivors of a locomotive engineer killed when struck by a switch engine while he was inspecting a locomotive, his survivors should have been allowed to show that he had driven the locomotive he was inspecting, and that his mission was to see that it had been rendered safe.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 943; Dec. Dig. ⟨key⟩274(3).]

Error from District Court, Tom Green County; J. W. Timmins, Judge.

Action by Mrs. Dora Scott See and another against S. B. Hovey and M. L. Mertz, receivers of the Kansas City, Mexico & Orient Railway Company of Texas. Pending trial the receivers were discharged, and suit was prosecuted as against the company. Judgment for plaintiffs, and defendants bring error. Reversed and remanded. On motion for rehearing. Motion overruled.

H. S. Garrett, of San Angelo, for plaintiffs in error. Hill, Lee & Hill, of San Angelo, and S. E. Stratton and J. N. Gallagher, both of Waco, for defendants in error.

RICE, J. A. L. See, a locomotive engineer in the employ of plaintiffs in error, as receivers of the Kansas City, Mexico & Orient Railway Company of Texas, was run over and injured by a backing engine in the yards of said company at San Angelo on the 10th of August, 1913, as a result of which he thereafter died, and this suit was brought against said company and S. B. Hovey and M.

L. Mertz, as receivers, by Mrs. Dora Scott See, surviving widow, in behalf of herself and Mrs. K. A. See, mother of deceased, to recover damages therefor. Pending the litigation the receivers were discharged, and the suit was prosecuted against the company and abated as against the receivers.

The negligence alleged consisted in backing the engine at a rate exceeding the speed limit, without ringing the bell or blowing the whistle, as required by the ordinances of the city, and failing to keep a lookout, and in failing to have the engine under proper control, and likewise relied on discovered peril. Plaintiffs in error, after general and specific denials, of the negligence charged, defended chiefly on the ground of contributory negligence, assumed risk, and other defenses not necessary to notice.

A jury trial on special issues resulted in a verdict and judgment in favor of defendants in error in the sum of $6,000, from which judgment the railway company prosecutes this writ of error.

The facts, briefly stated, show that on the morning of the day on which he was injured the deceased, as engineer, had operated a passenger locomotive into San Angelo, which on his arrival he turned over to the yard crew. On the evening of that day deceased, noticing this engine attached to an outgoing north-bound passenger train, which was then partially standing on South Chadbourne street, went over to and was inspecting the engine, and while in a stooping position another engine backing on a parallel track ran over and injured him, resulting in his death.

[1] The fourth assignment complains that the court erred in rejecting the testimony of the witness Robison, offered by the railway company, to the effect that the deceased stated to him, in substance, that he did not blame anybody for the accident; that it was caused simply because he (deceased) stood up there and let an engine run over him, which testimony was offered both as res gestæ and as an admission against interest, and for the further purpose of sustaining the railway company's pleading and theory of the case that the accident was not caused by any negligence on the part of the receivers, their agents, servants, and employés, but was due to the fault, carelessness, and negligence of the deceased himself. By its proposition thereunder the company insists that this statement was admissible as res gestæ, and was a declaration against interest, for which reason it should have been admitted, and, further, that the rejected testimony would necessarily have been strongly in favor of the company on a material issue in the case, to wit, contributory negligence vel non of the deceased, which issue was, in the absence of such testimony, resolved by the jury against the company, for which reason, it is

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

claimed, the rejection of such testimony constituted material error: Among other things, the company pleaded that the accident resulted from the fault of the deceased, both as a sole proximate and as a contributing cause. The accident happened at the Orient station in San Angelo, about 6:30 in the afternoon. The bill shows that during the progress of the trial Robison was called as a witness in behalf of the company, and offered to testify that he lived at San Angelo, and was in the undertaking business; that he saw the deceased at the time of the accident near the depot at which he received the injuries complained of; that he went over there immediately with his ambulance and took him to the sanitarium; that this was about 7 o'clock in the evening; that when he got there Mr. See was immediately placed in the ambulance and taken to a local sanitarium; that he heard See say something about the accident; that he could not remember the exact language; but that it was on the way out to the sanitarium. The witness was then asked by counsel for the railway company to state in substance what See said to him on this occasion, to which question and the proposed answer thereto defendants in error by their counsel objected on the ground that the evidence sought to be adduced was not res gestæ and was hearsay, which objection was sustained, and the witness not allowed to answer. The witness would have testified, if permitted, that on this occasion See stated to him that he did not blame anybody for the accident; that it was caused simply because he stood up there and let an engine run over him—to all of which the plaintiff in error objected and reserved its bill. The court overruled plaintiff in error's motion for an instructed verdict, in which it was alleged, in substance, that the evidence conclusively established the negligence of the deceased. The jury answered yes to the following question:

"Was the deceased, at the time and place at which he was struck and injured, exercising, under all the facts and circumstances, such care for his own safety as a person of ordinary prudence would have exercised under the same or similar circumstances to prevent being struck or injured by passing engines or trains?"

If the proposed testimony was either res gestæ, or would have been against the interest of the party making the statement, then it was admissible, and its exclusion error. See I. & G. N. R. R. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; Smith v. I. & G. N. R. R. Co., 34 Tex. Civ. App. 209, 78 S. W. 556; Georgia R. R. & Banking Co. v. Fitzgerald, 108 Ga. 507, 34 S. E. 317, 49 L. R. A. 175; Walker v. Brantner, 59 Kan. 117, 52 Pac. 81, 68 Am. St. Rep. 344; Hughes v. Delaware & H. Canal Co., 176 Pa. 254, 35 Atl. 190; Holman v. Boston Land & Security Co., 20 Colo. 7, 36 Pac. 797; Lord v. Refining Co., 12 Colo. 390, 21 Pac. 148; Eastman v. Bennett, 6 Wis. 232; Dreher v. Town of Fitchburg, 22 Wis. 675, 99 Am. Dec.

91; Gulzoni v. Tyler, 64 Cal. 334, 30 Pac. 981; Helman v. Pittsburg, etc., Ry. Co., 58 Ohio St. 400, 50 N. E. 986, 41 L. R. A. 860; Southern Ry. Co. v. Cochran, 42 South. 100;[1] Williams v. Norton Bros., 81 Vt. 1, 69 Atl. 146; Brown v. Stutson, 100 Mich. 574, 59 N. W. 238, 43 Am. St. Rep. 462; Pead v. Trull, 173 Mass. 450, 53 N. E. 902; Hurlburt v. Hurlburt, 128 N. Y. 420, 28 N. E. 651, 26 Am. St. Rep. 482; Haynes v. Trenton, 123 Mo. 326, 27 S. W. 622; 1 R. C. L. p. 502, par. 43; 4 Chamberlayne, Modern Law of Evid. § 2773; 1 Greenleaf, Evid. (16th Ed.) §§ 147–150; 2 Jones' Commentaries on Evid. p. 390; 6 Thompson, Neg. § 7738; 2 Wigmore, Evid. § 1455 et seq.

[2] The writer is inclined to believe that for the both reasons its rejection was error, but, since the court is in accord with the view that it was admissible as a statement against interest, it is not necessary to pass upon the question as to whether it was admissible as res gestæ.

[3] It is contended on the part of defendants in error, however, that there was no privity between deceased and defendants in error; and hence his declarations were properly excluded. This action is founded upon our statute (articles 4694 and 4695, Sayles' Civ. Stats. vol. 3). The latter article provides that:

"The wrongful act, negligence, carelessness, unskillfulness or default mentioned in the preceding article must be of such a character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury."

It has been held that under this and the preceding article an action cannot be maintained unless the decedent could have maintained an action for his injuries, had he not died therefrom. See Wilson v. Brown, 154 S. W. 322; Sullivan-Sanford Lumber Co. v. Watson, 106 Tex. 4, 155 S. W. 179. So in the present case, if no right of action, under the circumstances, could have been predicated by deceased prior to his death against the company on account of this injury, the defendants in error cannot recover. Hence we take it that, by reason of the operation of this statute, there was such privity between the deceased and defendants in error as would constitute the declarations admissible under the rule of being against interest of the party making them. In Smith v. I. & G. N. R. R. Co., supra, treating of a similar question, it is said:

"The admissibility of the declarations of Smith, made a few hours after he was hurt and a short time before he died, to the effect that he was asleep when struck by the train, need not be tested by the rules applied to res gestæ, but by those applicable to declarations of deceased persons made against their interest. It was clearly shown that Smith was conscious and his mind clear when he said that he was asleep on the track when struck by the train. The declaration was against his interest. It

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 149 Ala. 673.

would be extremely improbable that such declarations would be false. He must have known whether he was asleep or not when he was injured. The declarations were admissible. Sections 147, 149, 1 Greenleaf, Evid."

The same principle rules the case of Georgia Railroad & Banking Co. v. Fitzgerald, supra, from which we quote as follows:

"This was an action brought by a widow to recover damages for the homicide of her husband, an employé of the railroad company, who was killed while making an effort to couple cars. As has been expressly decided, her right to a recovery must necessarily depend upon a determination of the question whether or not 'the husband, had he lived, would have had such right; and whatever would have been a good defense to his suit had he lived will be equally available against one brought by her.' Berry v. R. R. Co., 72 Ga. 137. In other words, she is to be considered in privity with the husband, in so far as her right to complaint of his homicide is concerned. It follows, necessarily, that the company should have been permitted to show, by any competent evidence at its command, that the injuries sustained by him were occasioned, not by the alleged acts of negligence on its part of which complaint was made, but by other and wholly different causes. Section 5181 of our Civil Code provides in terms that: 'The declarations and entries of a person, since deceased, against his interest, and not made with a view to pending litigation, are admissible in evidence in any case'; while section 5193 undertakes to state the rule that 'the admissions of privies in blood, privies in estates, and privies in law are admissible as against' all persons with whom they are in privity. Accordingly we think that in the present case the defendant company should have been permitted to prove that the plaintiff's husband, in undertaking to state the cause of his injuries, had 'said he was making an effort to couple cars, and that his foot struck some obstacle on the track, and he fell.' Even were she not a privy in law with him, this evidence was admissible under the rule that 'self-serving' declarations made by a deceased person having peculiar opportunities to know the truth as to the matter under investigation may be proved even in cases between third parties, none of whom claim under or through him. See Field v. Boynton, 33 Ga. 239; 1 Whar. Ev. 226 et seq.; 5 Am. & Eng. Enc. Law (1st Ed.) 366, and cases cited."

In Walker v. Brantner, supra, where a similar question is discussed, a like ruling was made.

The second paragraph of the syllabus in Hughes v. Delaware & H. Canal Co., supra, reads:

"In an action by a widow for injuries received by her husband at a railroad crossing, and which resulted in his death, the exclusion of declarations made by deceased after the accident, though not part of the res gestæ, on the ground that they were not made by a party to the suit, was error, since plaintiff derived her cause of action from decedent."

In Holman v. Boston Land & Security Co., supra, which was a suit for damages to a threshing machine by fire, the court held that it was error to exclude evidence that soon after the fire plaintiff admitted that it occurred without defendant's fault; the court remarking that:

"Much or little weight might have been given it in the discretion of the jury, or its effect might have been entirely overcome by other evidence; nevertheless it was competent, and should have been submitted to the jury"—citing cases in support thereof.

191 S.W.—39

In Helman v. Pittsburg, C., C. & St. L. Ry. Co., supra, as shown by plaintiff in error's brief, a statutory action was brought by an administrator to recover damages for the death of a brakeman, alleged to have been caused by the negligence of the company. Contributory negligence was relied upon on the part of the company, and it sought to show that on the day of the accident the deceased stated to one Heaton that at the time of the accident he (deceased) was standing on the footboard of the car, talking to and watching another employé, who was riding a cut of cars on a parallel track, and that, while so talking and watching the other employé, the cut of cars following him struck his cut and upset him. The evidence was refused, and upon judgment against it the railway company appealed, assigning such refusal as error. The court in passing upon the question said:

"It is contended by counsel for plaintiff in error that there is no privity between the deceased and his administrator and beneficiaries, and that the action by the administrator is a new and independent action, given by the statute, not connected with nor dependent upon the right of action of the deceased. This contention is not tenable. The statute must be construed in connection with the common law as it existed at and before its passage. While at common law the party injured by the negligence of another had a right of action against such party for damages, such right of action does not survive, but abates at his death. The effect of the statute is to pick up this abated right of action of the deceased, and permit it to be prosecuted by the administrator, for the benefit of the next of kin. It is not a new right of action that is prosecuted by the administrator, but it is the same right of action which the deceased had until his death. Upon the death of the injured party, the right of action, by the force of the statute, passes by succession to the administrator for the benefit of the next of kin. This succession more clearly appears when considered with reference to the defendant. By his wrongful act he caused an injury which caused a pecuniary loss to both the injured party and to his next of kin. The right of action to recover damages in respect to such act rests in the injured party alone so long as he lives, and should he be compensated in his lifetime no action can be maintained by his administrator or next of kin for damages, even though it should be clear that the next of kin sustained a great pecuniary loss by reason of the wrongful act. In such cases the pecuniary loss sustained by the next of kin is deemed compensated by the increase of the estate of the deceased. Should the defendant fail to make compensation to the injured party during his lifetime, the liability to make compensation for the pecuniary injury resulting from the wrongful act, instead of abating as at common law, is, by force of the statute, kept alive; and the administrator succeeds to the right to bring an action upon such liability to recover damages, in the nature of compensation, for the pecuniary loss sustained by the next of kin by reason of such wrongful act. The liability of the defendant to the party injured and the liability over to the administrator for the benefit of the next of kin is for the same wrongful act, and is the same liability; and such liability does not exist in favor of the injured party and his next of kin at' the same time, but in succession. There is no new liability created by the statute upon the death of the injured party, but the right of succession in the administrator to recover upon the liability al-

ready existing·is created. So that, when viewed from the standpoint of either the administrator or of the party causing the injury by his wrongful act, there is succession in the right of recovery, which succession is created by force of the statute. And, where there is succession in rights, there is privity between the parties. It therefore follows that the administrator and the beneficiaries stand in privity with the deceased, and that such damages as may be recovered by the administrator are part and parcel of the damages which the deceased had a right to recover during his lifetime. This being so, the administrator, in his action in behalf of the beneficiaries, is bound by the acts and words of the deceased. Whatever he did or said while in his right mind tending to show that the injury was caused by his own fault, neglect, or carelessness is competent evidence against the plaintiff, and in behalf of the defendant. The evidence offered by the railway company, and rejected by the court, was competent and material, and its rejection was prejudicial. The circuit court was right in reversing the judgment and remanding the cause for a new trial."

We think the declaration which was excluded was admissible because against the interest of the party making it; and, defendants in error being in privity with him, the court erred in excluding the testimony.

[4, 5] It is suggested, however, on the part of the defendants in error that this testimony was cumulative, and also the opinion of the deceased, and therefore its rejection, if error, was harmless. It is true, as suggested by them, that evidence somewhat similar in character was admitted without objection, but each of the witnesses who testified thereto was in the employ of the railway company, while Robison was not, for which reason the jury might have discredited their testimony, though not impeached, but might have given full faith and credit to the testimony of Robison. At least, we are not in position to say that they would not have done so, and the testimony, if admitted, might have brought about a different result. Besides this, the declaration in question went further than that of either of the other witnesses, in that the declarant stated that he did not blame anybody for the accident, thereby in effect saying that he absolved any other party from blame; and it was not a matter of opinion, because he knew whether or not anybody was to blame for the accident. We therefore sustain this assignment, and hold that the court erred in excluding the testimony.

The court submitted the case to the jury upon special issues, and plaintiff in error complains that, in addition thereto, it gave a general charge, which is not permissible under the law.

[6] When a case is submitted on special issues, the court is authorized and permitted to give such definitions and explanations as in its judgment may be necessary for the proper disposition of the case, but should not go beyond this. See article 1984a, vol. 2, Vernon's Sayles' Civ. Stats., as amended by the act of March 29, 1913 (Acts 33d Leg. c. 59). We think·in the present case the objection

made to sections 11, 12, and 13 of the charge is well founded, because they were not definitions or explanations, but, in effect, advised the jury as to what would be the result of their verdict if they found the existence of certain facts therein stated. The object of submitting a case upon special issues is in order that the jury might find the facts, regardless of what might be the result of their findings. So we think the charges mentioned were objectionable for this reason, and should not have been given. We therefore sustain the ninth assignment presenting this question.

The remaining assignments have been duly considered, and, in our opinion, are without merit, and are therefore overruled.

[7] For the purpose of showing the object of the deceased in going to and inspecting the engine, defendants in error alleged in their pleading that the deceased operated the engine (which he was examining at the time he was struck) into San Angelo on the morning of the day of the accident, and that he had turned the same over to the proper employés of the railway company upon reaching there for necessary repairs; that upon seeing this identical engine standing at or near the depot on South Chadbourne street on the afternoon of the same day, attached to an outgoing passenger train, and being solicitous as to whether the same had been repaired and rendered safe, he immediately went to where the engine was standing and began to examine the repairs so made thereon, and while so engaged was struck and mortally injured. On exception urged by plaintiff in error, this pleading was stricken out, and defendants in error urge by their first, second, third, fourth, fifth, and sixth cross-assignments that such ruling was error. We agree with them in this contention, and hold that defendants in error had the right, as explanatory of his mission on said occasion, to show the purpose and object of the deceased in going to the place and inspecting the engine.

This ruling also disposes of the seventh and eighth cross-assignments.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded for another trial not inconsistent with the views herein expressed.

Reversed and remanded.

On Motion for Rehearing.

In our original opinion we were mistaken in stating that all of the witnesses who testified for plaintiffs in error as to the declarations of the deceased shortly after he was run over were employés of the railway company. This is true with the exception of Morris, who was an employé of the American Express Company, but operating over the same line of railway.

We have carefully examined the motion for rehearing, and are convinced that no error is

pointed out therein, for which reason we adhere to our original opinion, and overrule the motion.

Motion overruled.