PEREZ v. ATCHISON, T. & S. F. RY. CO.
(No. 642.)

(Court of Civil Appeals of Texas. El Paso. Jan. 25, 1917. Rehearing Denied Feb. 15, 1917.)

1. MASTER AND SERVANT ⬤➾88(7)—DUTIES OF MASTER—COURSE OF EMPLOYMENT.

In an action for damages under federal Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1913, §§ 8657–8665), the evidence showed that the employé, a section hand, after quitting work sought shelter from the elements behind a box car in order to watch his children safely cross the tracks, and while standing was injured by another car with defective brakes, which was propelled by the wind against the car behind which the employé was standing. *Held*, that peremptory instruction for defendant was proper, the servant being engaged in a personal undertaking in the performance of which the master owed him no duty.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 150.]

2. MASTER AND SERVANT ⬤➾88(7) — DUTIES OF MASTER—COURSE OF EMPLOYMENT.

That a section hand was subject to emergency calls to duty at any hour did not entitle him to damages for injuries received by him not in the performance of duty, not during working hours, and while he was engaged in the personal undertaking of watching his children safely cross the tracks.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 150.]

3. MASTER AND SERVANT ⬤➾88(7)—DUTIES OF MASTER—COURSE OF EMPLOYMENT.

The fact that a section hand was licensed or permitted to freely pass to and fro across the tracks of the defendant railroad when off duty did not entitle him as licensee to recover damages for injuries received by him while loitering behind a standing box car after working hours, while engaged in the personal undertaking of watching his children safely cross the tracks.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 150.]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Luis Perez against the Atchison, Topeka & Santa Fé Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Volney M. Brown and Jos. M. Nealon, both of El Paso, for appellant. Turney & Burges, of El Paso, and Terry, Cavin & Mills, Jno. G. Gregg, and A. H. Culwell, all of Galveston, for appellee.

HIGGINS, J. Perez was employed by appellee as a section hand at the station of Ormonde, Ill. His hours of work were from 7 a. m. to 6 p. m. He lived at Ormonde with his family in a section house furnished by defendant and situate upon its right of way. He was subject to call at any time after his regular working hours if anything occurred which required attention. On September 1, 1914, the section gang with which he was working stopped work about 5:30 p. m. and returned to Ormonde. They placed their tools in the toolhouse to the west of the house where Perez lived. Defendant has four tracks at Ormonde which run east and west. The house in which plaintiff lived was situate south of the tracks. After placing the tools in the house, plaintiff started along the tracks to his house, and met his children just before he reached home. They requested and obtained from him permission to go to a house a short distance north of the tracks to get some milk. After granting the permission, Perez passed the house in which he was living, and went a short distance east thereof to a car which was standing on the most southerly track. This was known as the house track. At the time there was a very high wind blowing and some rain falling, and to protect himself therefrom he passed to the east end of the car and stood behind the same. At the time passenger train No. 15 was due at Ormonde, and Perez testifies that his purpose in assuming the position indicated was to watch his children as they returned home and protect them from injury by the train then due and from any harm from the wind and rainstorm then raging. At the time there was another car standing upon the house track. This car was standing alone and some little distance west of the car behind which Perez was standing. The grade sloped from the west to the east. The most westerly car had a defective brake, and the force of the wind started this car to moving. Under the impulse of the wind and force of gravity, it moved easterly and against the car Perez was standing behind, propelling the same against and over him, whereby he sustained very severe personal injuries. The accident occurred a few minutes before 6 p. m., but the day's work had been completed, and he had quit work for the day. The rules of defendant required that station agents must know that all cars standing on side tracks had the brakes properly set, and if the brakes were out of order, the wheels must be blocked, and that a car standing alone should be both braked and blocked. There is evidence that the westerly car was neither properly braked nor blocked, and that the defendant was negligent in leaving it standing in an unsecured position. There is evidence that the section men at Ormonde were permitted to wander in and about the yards there and cross tracks at any point when they were

off duty. There was no restriction imposed upon them as to where they should be upon the tracks or right of way. The section hands were required to live in the houses upon the right of way provided by defendant, so they would be immediately available in case an emergency at any time arose for their service.

[1, 2] This suit was by Perez to recover damages arising from the injuries so received. In response to a peremptory instruction, verdict was returned and judgment rendered against him. The instruction was properly given. An employer is only liable as a master to the servant when the latter is actually in his service, and the relation does not exist where it appears that the performance of the master's work had been completed and the servant was engaged in a personal undertaking. Railway Co. v. Gonzales, 163 S. W. 619. At the time of the injury, Perez was performing no service for the defendant, but he was engaged in a purely personal undertaking. Under the facts detailed, appellant claims he was entitled, at the time of his injury, to the care that a master owes to a servant while on duty. It is true that he was subject to call in case of an emergency, but this does not alter the fact that at the time he was not on duty, and was engaged upon his own private affair. The master does not at all hours of the day owe to the servant the care that is owed while the servant is in the discharge of his duty under his employment. The master owes this duty to the servant only while the latter is engaged in the performance of his work. This general rule has been extended to also apply while the servant was necessarily upon the premises of the master in going to and returning from his work, or when for a short time he has stopped his work for some natural or necessary purpose which would fall within the natural contemplation of the master, and also when present upon the premises of the master for some purpose desired by the master, which will assist in the performance of the master's work. Very generally speaking, this covers the time when he is entitled to protection as a servant, and we know of no case that has gone so far as to hold that he is entitled to this protection when he was not performing any duty, when he was not present at the particular place for the master's benefit, and when he was engaged in a purely personal undertaking.

At first blush, the cases cited by the appellant might seem to sustain his contention in this case, but a careful analysis of them will show that each one comes under the rules set out above, and that in each case there was some fact which showed the servant was not on a private undertaking, but was either engaged in doing something that was natural and should have been anticipated, or which would assist in some way in the furtherance of the plans of the master. Those most pertinent will be briefly reviewed.

In Railway Co. v. Scott, 71 Tex. 703, 10 S. W. 298, 10 Am. St. Rep. 804, plaintiff, a watchman, in employ of the railway company, under order of the regular engineer, who, from sickness, was disabled for duty, took charge of a work train and ran to where some pile driving was being done. The engine used in pile driving was on the rear car of the train. Plaintiff, upon stopping the train at its destination, went back to the car in which was the pile driver, boiler, and engine, when the boiler exploded, injuring him. It was held that the fact that he was not engaged in labor at the time of the injury, he being with the train in discharge of a duty the engineer had power to impose, would not, for the time, destroy the relation of master and servant, and he was entitled to the care owing by a master to a servant on duty. In discussing this phase of the case, Judge Stayton said:

"It is true that the employer is only liable as master to the servant when the latter is actually in his service, and that at times, during the period of an engagement, the employé may sustain to the employer no other relation than that of stranger. It does not follow from this, however, that the employé is to be deemed in the employer's service only when he is actually engaged in labor. He is to be deemed in the master's service whenever present to perform his duty under the contract creating the relation of master and servant and subject to orders, although at a given moment he may not be engaged in the actual performance of any labor."

In Railway Co. v. Ryan, 82 Tex. 565, 18 S. W. 219, plaintiff was a member of a bridge gang, and living in a car furnished by the defendant for that purpose. While sitting in the car after working hours and engaged in writing a letter, he was injured by a collision occurring through the defendant's negligence. It was held that at the time plaintiff was in the service of the master. It was said:

"In this case we think it is evident, from the facts testified to by the appellee, that he was, in contemplation of law, in the employment of the company at the time of the collision. His presence in the car on the side track at the time of the collision can be explained in no other way under the proof. It was only by reason of the fact that he was an employé of the company that he was in the car on the side track at the time he was injured. We do not wish to be understood as holding that if the fact was established that his employment had terminated, he could not recover in a proper case. But we mean to say that we do not think that under the facts in this case his employment had ceased, or that he was not, in contemplation of law, at the time of the injury in the service of his employer. We think that he was in such employment." Railway Co. v. Welch, 72 Tex. 298, 10 S. W. 529, 2 L. R. A. 839, was parallel to the Ryan Case.

These last two mentioned cases may be readily differentiated from this one in this: That at the time of the accident, the plaintiffs therein were not only subject to call, but were in a place where they were authorized and expected to be, whereas Perez,

though subject to call and having a right to cross the track at any point, was not authorized to loiter upon the track in the lee of a car, and defendant could not reasonably have expected that he would be in such a position; and the presence of Ryan and Welch in the car when they were injured was with the master's knowledge and for the master's benefit, and it was only natural that they should have been entitled, under the circumstances, to protection.

In the cases of Railway Co. v. McHale, 47 Tex. Civ. App. 360, 105 S. W. 1149, and Railway Co. v. Turner, 92 S. W. 1074, the servant was actually engaged in his duties, and only stopped for a few moments to perform acts which the master should have expected, and in reality did not amount to stopping work, or to entering upon any other undertaking.

In Railway Co. v. Balliet, 48 Tex. Civ. App. 641, 107 S. W. 907, the employé was looking for the yardmaster in order to get him to do certain things which would assist in the performance of the duties required by his employer. The result of his acts would have been of benefit to his master, and not to himself, and in this case there was nothing in the nature of a stepping aside from his regular work to engage in any private business.

In Railway Co. v. Rentz, 162 S. W. 959, the servant had entered the master's premises just a few minutes before time for him to assume his duties. It was necessary that he should come upon the premises before going to work, and his only purpose, so far as appears, in being there at that time was to start upon the performance of his duties. No personal reason appears for his having been there at that time.

In Foster Lumber Co. v. Rodgers, 184 S. W. 766, the injured party was on the lumber company's tram track in connection with sales to be made by them. It was to their benefit and with their knowledge that he was present at the time, and his only purpose and only reason for being there was to inspect the ties which the lumber company desired to sell. In this case, as in all of the others, his presence was either connected with his work, or was for the master's benefit, and he had no personal end to subserve by his presence.

In the Hendricks Case, 49 Tex. Civ. App. 314, 108 S. W. 745, the real effect of the holding is that at the time the plaintiff was not in the service of his master.

The facts in the instant case take it out of the rules laid in the cases noted. The railway company had no interest in Perez being where he was at the time he was injured. No benefit inured, or could have inured, to it by his stopping upon the track. He had completed his labors and had started to his home. Being interrupted, he entered upon a task of his own. He and not the railroad company was interested in the acts which he was performing. Had he been going across the track to his home, a serious question would be presented, but when he stopped on his journey from the railroad's work and entered upon the doing of things in which he alone was interested, the relation of master and servant ceased to exist.

[3] And even though the appellant may have been licensed to pass to and fro across the tracks of the appellee at the point where he was injured, this would not constitute a license to stop and loiter upon the track at that point in the lee of a car. Smith v. Railway Co., 34 Tex. Civ. App. 209, 78 S. W. 556; Railway Co. v. Cowles, 29 Tex. Civ. App. 156, 67 S. W. 1078.

Finding no error in the giving of the peremptory instruction, the judgment is affirmed.